## ALLEN v. PETERSON.

The complaint alleging recovery of judgment by plaintiff against defendant, the causing by plaintiff of levy on defendant's property by the sheriff, and sale thereof by the latter, without the statutory notice, and application of the proceeds to satisfaction of the judgment, the recovery of judgment by defendant against the sheriff, on the theory of the execution sale being absolutely void and the sheriff a trespasser from the beginning, and averring the conclusion that plaintiff was "compelled to pay" the judgment in favor of defendant against the sheriff, and that thereby defendant was fully reimbursed for the property sold under the execution, does not show a right in plaintiff to have canceled the return of the execution sale and satisfaction of plaintiff's judgment; it not showing plaintiff was legally obliged to pay the judgment against the sheriff for his wrongful act.

Corson, J., dissenting.

(Opinion filed, April 2, 1907.)

Appeal from Circuit Court, Turner County. Hon. E. G. SMITH, Judge.

Action by A. C. Allen against Lars Peterson. From an order sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

*L. L. Fleeger*, for appellant. *Alan Bogue, Jr.* for respondent.

FULLER, P. J.  To the complaint in this action to cancel the return of an execution sale and satisfaction of a judgment that once existed in favor of plaintiff and against the defendant for $273.81 a general demurrer was interposed, and this appeal is from an order sustaining the same.

Chronologically stated, the facts relied upon as sufficient to constitute a cause of action are substantially as follows:  The judgment for $273.81 was duly docketed on the 20th day of February, 1901, and on August 31st following plaintiff caused the property of defendant to be levied upon by the sheriff, who sold the same without giving the notice required by statute and applied the proceeds in satisfaction of the judgment.  On the theory that the execution sale was absolutely void, and the sheriff a trespasser from the beginning, the defendant instituted an action against that officer for the conversion of his property, and recovered judgment for $335.54, from which an appeal was never taken.  Plaintiff's only ground of action and justification for demanding complete restitution to his former status by making the record show an un-

satisfied judgment in his favor against the defendant is stated in the complaint as follows: "That plaintiff in this action was compelled to pay the said judgment in favor of Lars Peterson and against said sheriff, H. H. Kirk, to said Lars Peterson, together with costs, and thereby the said Lars Peterson was fully reimbursed for the property so taken and sold under the execution as aforesaid."

The pleader's expression, "compelled to pay," being a legal conclusion, pure and simple, it is very plain that a stranger to an action cannot voluntarily pay and satisfy a judgment entered therein against a tortfeasor, and thereafter successfully apply to a court of equity to defeat such judgment and the ends of justice by being placed in a position to recover the money thus paid from the plaintiff, who prevailed in the action. Neither by receiving the net proceeds of the execution sale, nor in any other manner disclosed by the complaint, was plaintiff legally obligated to pay the judgment for damages rendered against and occasioned by the wrongful act of another; and the rule is well settled that money cannot be recovered back simply because a party at the time of payment was ignorant of the law as to his liability. Evans v. Hughes County, 3 S. D. 244, 52 N. W. 1062.

For the reason that facts sufficient to constitute a cause of action are not stated in the complaint, the order sustaining the demurrer is affirmed.

CORSON, J., dissents.